**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: HENRY DEAN VAUGHAN
and JESSIE ELAINE VAUGHAN,

Debtors,

------------------------

ROBERT D. GARRETT, Trustee,

Plaintiff-Appellee,

BANK OF CUSHING,

Appellee,

v.

HENRY DEAN VAUGHAN and
JESSIE ELAINE VAUGHAN,

Defendants-Appellants.
_____

In re: HENRY DEAN VAUGHAN;
JESSIE ELAINE VAUGHAN,

Debtors,

------------------------

BANK OF CUSHING,

Plaintiff-Appellee,

v.

No. 06-6158
(BAP No. WO-05-028)
(BAP)

No. 06-6159
(BAP No. WO-04-039)
(BAP)

HENRY DEAN VAUGHAN;
JESSIE ELAINE VAUGHAN,

Defendants-Appellants.

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

---

Henry and Elaine Vaughan were indebted to the Bank of Cushing (the Bank) as personal guarantors of a debt owed by a company called Americare U.S.A., Ltd.  The Vaughans filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code and their case was later converted to one under Chapter 7.  The Bank subsequently filed an adversary complaint alleging that the Vaughans' debt to it should be excepted from discharge under 11 U.S.C. § 523(a)(2)(A)-(B) and (a)(6), and that the Vaughans should be generally denied discharge under 11 U.S.C. §§ 523(c)(1), 727(c)(1).  Thereafter, the bankruptcy trustee (the Trustee) filed his own adversary complaint alleging that the Vaughans should be generally denied discharge under 11 U.S.C. § 727(a)(2)(A)-(B) and

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(a)(4)(A), (D). In the Bank's adversary proceeding the Vaughans filed a motion for partial summary judgment and the Bank responded with its own motion for summary judgment. The Trustee also moved for summary judgment in his adversary proceeding.

In the Bank's adversary proceeding the bankruptcy court granted the Bank's motion for summary judgment pursuant to 11 U.S.C. § 523(a)(2)(A)-(B). Section 523 reads in pertinent part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> . . . .
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > >
> > > (B) use of a statement in writing–
> > >
> > > > (i) that is materially false;
> > > >
> > > > (ii) respecting the debtor's or an insider's financial condition;
> > > >
> > > > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > > >
> > > > (iv) that the debtor caused to be made or published with intent to deceive[.]

Regarding § 523(a)(2)(A), the bankruptcy court found that a settlement agreement the Vaughans entered into with the Bank allowing the Vaughans to payback the amount owed under the guaranty agreements over time qualified as a "refinancing of credit" and that the Vaughans violated this subsection because

> both prior to and after entering into the Settlement Agreement . . . [the Vaughans] made a series of fraudulent oral and written representations to [the Bank] regarding both the availability and disposition of assets to repay the indebtedness they owed to [the Bank]. Moreover, [the Vaughans] made such representations to induce [the Bank] to enter into the Settlement Agreement, and [the Bank] both actually and justifiably relied to its detriment on these representations in agreeing to enter into the Settlement Agreement . . . .

Supp. Aplee. App. (Bank), Vol. VI, Doc. 136 at 14. Regarding § 523(a)(2)(B), the bankruptcy court held that the Vaughans provided the Bank with a financial statement in order to induce the Bank to enter into the settlement agreement, that the bank justifiably relied on that statement, and that the statement was materially false and made with the intent to deceive. The bankruptcy court ordered the Bank's claim excepted from discharge.

In the Trustee's adversary proceeding he argued that the Vaughans should be generally denied discharge under 11 U.S.C. § 727(a)(2) and (a)(4)(A). Those sections read:

(a) The court shall grant the debtor a discharge, unless–

    . . . .

-4-

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed–

> (A) property of the debtor, within one year before the date of the filing of the petition; or

> (B) property of the estate, after the date of the filing of the petition;

. . . .

(4) the debtor, knowingly and fraudulently, in or in connection with the case–

> (A) made a false oath or account[.]

The bankruptcy court held that its findings in the Bank's adversary proceeding were "law of the case" as to the Vaughans' fraudulent conduct and that those findings required a grant of summary judgment under 11 U.S.C. § 727(a)(2) in the Trustee's adversary proceeding.

The Vaughans appealed the grants of summary judgment in both adversary proceedings to the bankruptcy appellate panel (BAP). Regarding the appeal from the summary judgment order in the Trustee's adversary proceeding, the BAP held that the evidence showed that the Vaughans had knowingly and fraudulently made a false oath by not disclosing numerous assets in their bankruptcy schedules and other pleadings and that affirmance was required under 11 U.S.C. § 727(a)(4)(A). The BAP held that its order affirming the denial of discharge in the Trustee's

adversary proceed rendered moot the appeal in the Bank's adversary proceeding. In appeal number 06-6158, the Vaughans appeal the BAP's affirmance of the bankruptcy court's decision in the Trustee's adversary proceeding. In appeal number 06-6159, the Vaughans appeal the BAP's determination that its appeal from the decision in the Bank's adversary proceeding was moot.

We have jurisdiction to review final bankruptcy decisions under 28 U.S.C. § 158(d). "On appeal from BAP decisions, we independently review the bankruptcy court's decision." *Houlihan Lokey Howard & Zukin Capital v. Unsecured Creditors' Liquidating Trust (In re Commercial Fin. Servs., Inc.)*, 427 F.3d 804, 810 (10th Cir. 2005) (quotation omitted). Further, "[w]e may affirm for any reason supported by the record." *United States v. Myers (In re Myers)*, 362 F.3d 667, 674 n.7 (10th Cir. 2004).

> We review the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard. A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made.

*In re Commercial Fin. Servs., Inc.*, 427 F.3d at 810 (alteration and quotation omitted).

> We review the grant of summary judgment by the bankruptcy court de novo, applying the same legal standards as those applied by the bankruptcy [court and BAP]. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*Am. Bank & Trust Co. v. Jardine Ins. Servs. Tex., Inc. (In re Barton Indus., Inc.)*, 104 F.3d 1241, 1245 (10th Cir. 1997) (citation and quotation omitted).

In their appellate brief, the Vaughans do not address the BAP's determination that their failure to disclose assets in their bankruptcy court statement of financial affairs and bankruptcy schedules was fraudulent. They argue only that summary judgment was inappropriate because they submitted evidence showing that a genuine factual dispute existed regarding whether the Vaughans intended to defraud the Bank by submitting a false financial statement prior to the settlement agreement and whether the Bank relied on that statement in entering into the agreement.

Here, following thorough review of the materials submitted by the parties, we agree with the BAP's analysis and determination that affirmance of the grant of summary judgment in the Trustee's adversary proceeding was required under 11 U.S.C. § 727(a)(4)(A). While the bankruptcy court discussed § 727(a)(4)(A), it based its holding in that proceeding on § 727(a)(2). Nevertheless we find the BAP's order and judgment affirming on § 727(a)(4)(A) grounds to be thorough and persuasive.

Consequently, because we may affirm for any reason supported by the record and because it would serve no purpose to merely reiterate the BAP's conclusions, in appeal number 06-6158 we AFFIRM the bankruptcy court's denial of discharge in the Trustee's adversary proceeding for the reasons set forth by the

BAP in its March 22, 2006, Order and Judgment. Further, because a general denial of discharge was proper, the Vaughans' appeal of the bankruptcy court's order granting summary judgment in the Bank's adversary proceeding in appeal number 06-6159 is DISMISSED as moot.

Entered for the Court

David M. Ebel
Circuit Judge