*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

**File Name: 09b0004n.06**

| | | |
|---|---|---|
| In re: DONETA M. BECKHAM, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | No. 08-8054 |
| EDWARD L. MONTEDONICO, Trustee, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DONETA M. BECKHAM, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Western Division.
Bankruptcy Case No. 05-31061; Adv. No. 06-0093.

Submitted: May 19, 2009

Decided and Filed: June 19, 2009

Before: HARRIS, McIVOR, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Theodore Iver Jones, LAW OFFICE, Memphis, Tennessee, for Appellant. James E. Bailey III, BUTLER, SNOW, O'MARA, STEVENS & CANNADA, Memphis, Tennessee, for Appellee.

1

MARCI B. McIVOR, Bankruptcy Appellate Panel Judge. Doneta M. Beckham ("Debtor") appeals from an order of the bankruptcy court denying her a discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (B) and § 727(a)(4)(A), for fraudulently concealing her own property and property of the estate and for knowingly and fraudulently making false oaths in connection with her bankruptcy case. For the reasons that follow, the bankruptcy court's order denying the Debtor's discharge is AFFIRMED.

**ISSUE ON APPEAL**

The issue raised in this appeal is whether the bankruptcy court erred in denying the Debtor a discharge pursuant to § 727(a)(2)(A) and (B) and § 727(a)(4)(A).

**JURISDICTION AND STANDARD OF REVIEW**

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Western District of Tennessee has authorized appeals to the Bankruptcy Appellate Panel. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations and internal quotation marks omitted). The bankruptcy court order granting partial summary judgment in favor of Edward L. Montedonico, the chapter 7 trustee ("Trustee"), did not dispose of all issues against all parties. Federal Rule of Civil Procedure 54(b), made applicable in adversary proceedings by Bankruptcy Rule 7054, permits a court to direct entry of a final judgment as to one or more, but fewer than all, claims or parties upon an express determination that there is no just reason to delay appellate review. *Gencorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004). The bankruptcy court certified the order denying discharge for

immediate review pursuant to Rule 54(b). Therefore, the Panel has jurisdiction to consider the appeal.

A bankruptcy court's conclusions of law are reviewed *de novo*. *Adell v. John Richards Homes Bldg. Co., L.L.C.* (*In re John Richards Homes Bldg. Co., L.L.C.*), 439 F.3d 248, 254 (6th Cir. 2006). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders* (*In re Morgeson*), 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citation omitted). A bankruptcy court's findings of fact are reviewed for clear error. "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.' " *United States v. Mathews* (*In re Mathews*), 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).

## UNDISPUTED FACTS

On July 25, 2005, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code. The following facts are undisputed:[1]

1. On July 25, 2005, the Debtor filed her Schedules and Statement of Financial Affairs (the "Original Schedules") which are part of the court's record at Doc. No. 1. The Debtor declared under penalty of perjury that she had read the answers contained in the Original Schedules and that they were true and correct.

2. On August 24, 2005, the Debtor signed a sworn statement under penalty of perjury stating the following:

(i) "I signed the Petition, Schedules, Statements and related documents filed [with] the Court in this Case;

---

[1]The Trustee filed a Statement of Undisputed Facts in the adversary case in support of his motion for partial summary judgment. The bankruptcy court adopted the undisputed facts, finding that each fact contained in the statement was supported in the record. On appeal, the Debtor does not dispute these facts. The appellate record corroborates each of these facts.

3

(ii) "I have read the Petition, Schedules, Statements and related documents before I signed them;"

(iii) "I am personally familiar with the information contained in the Petition, Schedules, Statements and related documents filed with the Court in this Case;"

(iv) "To the best of my knowledge, the information contained in the Petition, Schedules, Statements and related documents are true and correct;"

(v) "There are no omissions or errors in the Petition, Schedules, Statements and related documents filed with the Court except as follows: '2005 Income is $5,484.00;' "

(vi) "All of my assets are listed in the Schedule herein except: [Blank]."

3. On August 25, 2005, the Debtor filed an Amended Statement of Financial Affairs (the "Amended Statement of Financial Affairs"), which is part of the Court's record at Doc. No. 6. The Debtor declared under penalty of perjury that she had read the answers contained in the Amended Statement of Financial Affairs and that they were true and correct.

4. On December 2, 2005, the Debtor filed an Amended Schedule B (the "Amended Schedule B") which is part of the Court's record at Doc. No. 28. The Debtor declared under penalty of perjury that she had read the answers contained in the Amended Schedule B and that they were true and correct.

5. The Debtor filed another amendment to Schedules B and C and to her Statement of Financial Affairs (the "December 6 Amendments") which are part of this Court's record at Doc. No. 30. The December 6 Amendments were filed after the Debtor's Rule 2004 examination was conducted on December 2, 2005. The Debtor declared under penalty of perjury that she had read the answers contained in the December 6 Amendments and that they were true and correct.

6. The Original Schedules, Amended Statement of Financial Affairs, Amended Schedule B and December 6 Amendments all bear the Debtor's electronic signature stating under penalty of perjury that the answers are true and correct.

7. The Debtor signed all of her Schedules and Amendments where indicated.

8. The Debtor's Original Schedules represent that the only real property the Debtor owns is the real property located at 9017 E. Holmes Road, Memphis, TN 38125 and none of the subsequent amendments alters this statement.

4

9. The Debtor's Original Statement of Financial Affairs states that the Debtor's income was $33,048 in the year 2004.

10. The Debtor's 2004 Tax return indicates that she had income of $111,780.

11. The Debtor's Original Statement of Financial Affairs states that her income was $19,278 in 2005.

12. The Debtor's bank statements for the first seven (7) months of 2005 reflect deposits of $47,356.33.

13. The Debtor's Original Statement of Financial Affairs states that she had no losses from fire, theft, casualty or gambling within one year immediately preceding the filing of the petition and none of the subsequent amendments alters this statement.

14. The Debtor's 2004 Tax return indicates that the Debtor had gambling losses of $16,201 in 2004.

15. The Debtor's bank statements show that she either wrote checks to casinos or withdrew from ATMs in Tunica, Mississippi, in the collective amount of $37,172 in the year immediately preceding the filing of the petition.

16. The Debtor's Original Schedule B states that she owns one 1992 Chevrolet Van and none of the subsequent amendments alters this statement.

17. The Debtor's answer to the Trustee's second amended complaint admits that on the petition date, the Debtor was the registered owner of a 2002 Saturn VIN 1G8JW82R2YY674137.

18. The Debtor's Original Schedule B states that the Debtor owns no antiques and none of the subsequent amendments alters this statement.

19. The Debtor's bank statements indicate that she wrote checks to various antique stores within the one year immediately preceding the filing of the petition which total approximately $3,664.61.

20. The Debtor's Original Statement of Financial Affairs states that she has not transferred any property outside the ordinary course of business within the one year immediately preceding the filing of the petition and none of the subsequent amendments alters this statement.

21. The Debtor's Original Schedule G reflects that she is neither a lessee nor a lessor of any property and none of the subsequent amendments alters this statement.

5

22. The Debtor's 2004 tax return states that she had rental income from property located in Lawton, Oklahoma in 2004.

23. The Debtor's Original Schedules do not disclose the existence of a pending EEOC charge filed by her against her former employer Federal Express.

24. The Debtor's answer to the Trustee's second amended complaint admits that the Debtor did not disclose the existence of her pending EEOC claim against her former employer until she filed Amended Schedule B on the date of her 2004 examination, when it was apparent to the Debtor that the Trustee was going to examine her under oath concerning her schedules and assets.

25. The Debtor's Original Schedule B states that she holds no contingent or noncontingent interests in the estate of a decedent.

26. The Debtor did not reveal that she was the executrix and a beneficiary of the estate of Alma Haastedt, her deceased mother, until after the commencement of the December 2, 2005 Rule 2004 examination.

27. The Debtor's answer to the Trustee's second amended complaint admits that the Debtor received rental income from property included in her mother's estate.

28. The Debtor's Original Statement of Financial Affairs states that she is not holding any property for another person.

29. On January 26, 2006, at the scheduled hearing on her motion to convert, the Debtor produced three documents purporting to describe various items of property located at her E. Holmes Road residence which belong to other persons including her brother, Michael Tripp.

30. Prior to the filing of her petition, the Debtor was the owner, by virtue of her outright ownership or as a beneficiary under the will of Alma Haastedt, of a Kubota Tractor with accompanying accessories of a Great Bend Loader, Tufline Box Blade and a New Woods Mower (collectively herein referred to as the "Tractor").

31. After the filing of the bankruptcy petition, the Tractor was in the Debtor's possession and located at her primary residence at 9017 E. Holmes Road, Memphis, Tennessee.

32. On or about December 1, 2005, the Debtor sold the Tractor to Dr. R.H. Kay who purchased the Tractor for twelve thousand dollars ($12,000).

33. This transaction was assisted through or alternatively brokered by Dr. Kay's daughter, Antrice Kay, and Fred Tanner, both neighbors of the Debtor.

34. The purchase was made by personal check in the amount of twelve thousand dollars ($12,000) made payable to Antrice Kay and Fred Tanner with the notation of "Tractor/ Dee Beckham Tractor/ wanted cash."

## PROCEDURAL HISTORY

On February 17, 2006, the Trustee filed an adversary complaint objecting to the Debtor's discharge. The Trustee subsequently filed two amended complaints joining additional defendants and adding additional claims.[2] The second amended complaint sought denial of the Debtor's discharge pursuant to § 727(a)(2)(A) and (B), (a)(3), (a)(4)(A) and (D), (a)(5), and (a)(7). On February 6, 2008, following a series of discovery disputes, the bankruptcy court entered an order of default against the Debtor. The bankruptcy court found that the Debtor willfully failed to comply with an order compelling discovery. The Debtor did not seek relief from the order of default.

Following entry of the order of default, the Trustee moved for partial summary judgment on counts I and III of the second amended complaint. Count I objected to the Debtor's discharge on the basis of the fraudulent transfer or concealment of assets pursuant to § 727(a)(2)(A) and (B). Count III objected to the Debtor's discharge on the basis of false oaths pursuant to § 727(a)(4)(A) and (D).[3] In support of his motion for partial summary judgment, the Trustee filed with the court a statement of undisputed facts and more than 150 pages of documents, consisting of bank statements, copies

---

[2]The first amended complaint added the defendant Mary Hayes, to whom the Debtor allegedly transferred real property in Lawton, Oklahoma. The second amended complaint added the defendant Mike Tripp, the Debtor's brother and alleged owner of certain property found at the Debtor's home.

[3]The bankruptcy court did not address the Trustee's claim under § 727(a)(4)(D). On appeal, neither party discusses whether the Debtor's discharge should have been denied under § 727(a)(4)(D). Accordingly, the Panel deems the issue waived on appeal. *See Dorris v. Absher*, 179 F.3d 420, 425 (6th Cir. 1999) (issue not raised in briefs considered waived unless "exceptional case" where failure to address argument would result in miscarriage of justice).

of the Debtor's cancelled checks, income tax returns, deposition and hearing transcripts, and photographs showing the Debtor's home to be filled with furniture and collectible items. The Debtor objected to the motion on the basis that it was not proper to grant summary judgment without testimony and an opportunity for examination and cross-examination. The Debtor also argued that the appendix and documents filed by the Trustee in support of his motion did not conclusively show that the Trustee was entitled to judgment.

On May 30, 2008, the bankruptcy court granted the Trustee's motion for partial summary judgment and denied the Debtor's discharge pursuant to § 727(a)(2)(A) and (B) and § 727(a)(4). The bankruptcy court found that the record before it supported the inferences that the Debtor (1) purchased antiques in the year preceding the bankruptcy and concealed those assets from the Trustee, (2) received $12,000 from the postpetition sale of a tractor and concealed the proceeds of sale for the purpose of hindering, delaying, or defrauding the Trustee, and (3) knowingly and fraudulently made gross omissions of income, failed to disclose interests held in real and personal property, and intentionally misrepresented substantial gambling losses in connection with her bankruptcy case. The bankruptcy court concluded that the Debtor clearly, repeatedly, and knowingly misrepresented her financial situation in her bankruptcy case through multiple material omissions and misrepresentations.

The Debtor filed a motion to alter or amend the judgment. On July 11, 2008, the court denied the Debtor's motion. On July 21, 2008, the Debtor timely perfected this appeal. *See* Federal Rule of Bankruptcy Procedure 8002(b). The parties waived oral argument.

## DISCUSSION

On appeal, the Debtor contends that the bankruptcy court erred in denying the Debtor's discharge because the Debtor did not have an opportunity to testify and the Debtor's fraudulent intent could not be determined from the record. Objections to discharge are liberally construed in favor of the debtor, and the party objecting to discharge bears the burden of proof by a preponderance of the evidence. *Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 683 (6th Cir. 2000).

Summary judgment in adversary proceedings is governed by Federal Rule of Bankruptcy Procedure 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure. As previously recognized by the BAP, the Sixth Circuit Court of Appeals has succinctly described the standard to grant a motion for summary judgment as follows:

> A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Under this test, the moving party may discharge its burden by "pointing out to the [bankruptcy] court ... that there is an absence of evidence to support the nonmoving party's case." The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]."

*Gibson v. Gibson* (*In re Gibson*), 219 B.R. 195, 198 (B.A.P. 6th Cir. 1998) (quoting *Hall v. Tollett,* 128 F.3d 418, 421-22 (6th Cir. 1997) (internal citations omitted)).

Courts must proceed cautiously when determining issues involving a debtor's state of mind at the summary judgment stage. *Buckeye Retirement Co., LLC, LTD. v. Swegan* (*In re Swegan*), 383 B.R. 646, 655 (B.A.P. 6th Cir. 2008). Since debtors rarely admit to a fraudulent intent, parties seeking denial of a debtor's discharge must establish such intent through circumstantial evidence that suggests that the debtor harbored the requisite ill will. *Id.* In many cases, state of mind determinations can only be made after a full evidentiary development, with an opportunity for examination and cross-examination. Therefore, summary judgment is often not appropriate where the debtor's subjective state of mind is at issue. *Marohnic v. Walker*, 800 F.2d 613, 617 (6th Cir. 1986) (when intent is at issue, summary judgment is particularly inappropriate).

However, the mere fact that the debtor's mental state or intent is an element of a cause of action is not, in and of itself, sufficient reason to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989) ("Cases involving state of mind issues are

9

not necessarily inappropriate for summary judgment."). " '[S]ummary judgment is appropriate if all reasonable inferences defeat the claims of one side,' " even if state of mind is in question. *In re Swegan*, 383 B.R. at 656 (citing *Gertsch v. Johnson & Johnson, Fin. Corp. (In re Gertsch),* 237 B.R. 160, 165 (B.A.P. 9th Cir. 1999) (citation omitted)). If the debtor's denial of knowledge is "so utterly implausible in light of conceded or irrefutable evidence that no rational person could believe it," summary judgment is also appropriate. *In re Chavin,* 150 F.3d 726, 728 (7th Cir. 1998) (affirming grant of summary judgment under § 727(a)(4) where debtor failed to disclose his position as company president or reveal ownership of valuable stock options). Furthermore, summary judgment may be warranted if the nonmoving party rests upon "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990).[4]

## 1. § 727(a)(2)(A) and (B)

11 U.S.C. § 727(a)(2)(A) and (B) read in pertinent part:[5]

(a) The court shall grant the debtor a discharge, unless -

....

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed -

---

[4]*See Garrett v. Vaughan*, (*In re Vaughan*), 233 Fed. Appx. 783 (10th Cir. 2007) (affirming grant of summary judgment under § 727(a)(4)(A) where debtor failed to list certain assets and interests on schedules); *First Nat'l Bank v. Davison (In re Davison),* 2004 WL 2852352 (B.A.P. 10th Cir. June 29, 2004) (affirming grant of summary judgment under § 727(a)(4)(A) where debtors failed to reveal certain property interests in their financial schedules); *Meeks v. Trammell* (*In re Trammell*), 197 B.R. 309, 311 (Bankr. W.D. Ark. 1996) (granting summary judgment denying discharge under § 727(a)(2)).

[5]The Debtor's case was commenced on July 25, 2005, before the effective date of BAPCPA. Unless otherwise noted, all references to "Section," "§," or the "Code" shall refer to Title 11, United States Code, as it existed prior to BAPCPA.

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition.

In *In re Swegan*, the Sixth Circuit BAP defined the term "concealed" in § 727(a)(2) to include "the withholding of knowledge of an asset by the failure or refusal to divulge information required by law to be made known." *In re Swegan*, 383 B.R. at 655; *see Peterson v. Scott* (*In re Scott*), 172 F.3d 959, 967 (7th Cir. 1999) (defining concealment to include " 'preventing discovery, fraudulently transferring or withholding knowledge or information required by law to be made known.' ", quoting *United States v. Turner*, 725 F.2d 1154, 1157 (8th Cir. 1984)); *see also United States v. Wagner*, 382 F.3d 598, 609 (6th Cir. 2004) (addressing "concealment" in the context of affirming debtor's criminal conviction for fraudulently concealing property from a bankruptcy trustee, and citing *United States v. Turner* with approval). Fraudulent intent may be inferred from circumstances showing that the debtor made material misrepresentations knowing them to be false, or if information was omitted that the debtor knew would create an erroneous impression. *In re Keeney*, 227 F.3d at 685-86 (quoting *In re Chavin*, 150 F.3d at 728). Intent to defraud may also be satisfied with proof that the debtor acted with reckless disregard as to whether a representation was true. *In re Keeney*, 227 F.3d at 686. "However, a debtor is entitled to discharge if false information is the result of mistake or inadvertence." *Id*.

Pursuant to § 727(a)(2)(A), before a debtor's discharge is denied it must be shown that the debtor fraudulently concealed assets within one year prior to the debtor's bankruptcy filing. The critical factor under this section is whether a fraudulent concealment occurred at the hands of the debtor within the stated time frame. *In re Swegan*, 383 B.R. at 653. In the present case, the bankruptcy court found that the Debtor *purchased* antiques within one year before the bankruptcy filing. The concealment did not occur until the Debtor failed to disclose the antiques in her bankruptcy case - postpetition. Because a concealment did not occur prior to the bankruptcy filing, the record in this case does not support the bankruptcy court's conclusion that the Debtor's discharge should be denied under § 727(a)(2)(A). Nevertheless, the bankruptcy court's decision denying the Debtor's discharge may be affirmed on any grounds supported by the record. *See Holloway v. Brush*,

11

220 F.3d 767, 772 (6th Cir. 2000) (*en banc*) (citing *Andrews v. Ohio*, 104 F.3d 803, 808 (6th Cir. 1997)). For example, because the grounds for denial of a discharge under § 727(a) are disjunctive, the bankruptcy court's decision may be affirmed if the record supports the bankruptcy court's findings under any of the grounds listed under § 727(a), including § 727(a)(2)(B) and (a)(4).

The bankruptcy court also denied the Debtor's discharge under § 727(a)(2)(B). Under this section, the Debtor must fraudulently conceal property of the estate after the date of the filing of the petition. The undisputed facts establish that the Debtor owned a Kubota tractor prior to the filing of her petition, the tractor was in the Debtor's possession after her petition was filed, and the Debtor received $12,000 from the postpetition sale of the tractor. The record also establishes that the Debtor asked to have the proceeds from the sale of the tractor paid in cash. The Debtor then failed to disclose her interest in the tractor, the sale, and the sale proceeds in her bankruptcy case even though the sale took place within days of the Debtor's Rule 2004 examination.

In her objection to the Trustee's motion for partial summary judgment, the Debtor asserted that she was not the owner of the tractor. In support of this statement, the Debtor cited deposition testimony that indicated that the Debtor's mother was named on documents for the tractor. While deposition testimony supports the Debtor's contention, the Debtor's own testimony at her Rule 2004 examination indicates that her mother passed away in August 2004, before the tractor was sold. The statement of undisputed facts provides that the Debtor was a beneficiary and the executrix of her mother's estate. The bankruptcy court found, and the undisputed facts state, that the Debtor was the owner of the tractor either by outright ownership or as a beneficiary under her mother's will. Because the record supports the bankruptcy court's findings under § 727(a)(2)(B), there is no clear error in the court's conclusion.

Moreover, although the Panel finds that the Debtor's purchase of antiques in the year preceding the bankruptcy filing did not warrant denial of the Debtor's discharge under § 727(a)(2)(A), the fact that she failed to disclose her interest in those antiques after the bankruptcy filing further reinforces the bankruptcy court's decision to deny discharge under § 727(a)(2)(B). The

record supports the bankruptcy court's finding that the Debtor denied owning any antiques in her original and amended bankruptcy schedules, even though the Debtor purchased $3,664.61 in antiques in the year preceding, and up to the time of, the bankruptcy filing. Even if the Panel were to conclude that the circumstances surrounding the transfer and/or concealment of the tractor and the sale proceeds were not sufficient, in and of themselves, to permit the bankruptcy court to deny the Debtor's discharge, when the Debtor's course of conduct is viewed in its totality, a strong inference may be drawn that the Debtor fraudulently concealed property of the estate after the filing of her bankruptcy petition. Thus, the bankruptcy court did not err in denying the Debtor's discharge under § 727(a)(2)(B).

Even construing the evidence in the light most favorable to the Debtor, the Panel finds overwhelming support in the record for the bankruptcy court's conclusion that the Debtor concealed property of the estate after the date the petition was filed. Moreover, the record supports the inference drawn by the bankruptcy court that the timing and circumstances surrounding the transfer and concealment of estate property indicate that the Debtor acted with the intent to hinder, delay, or defraud the Trustee. Therefore, the bankruptcy court's order denying the Debtor's discharge under § 727(a)(2)(B) is affirmed.

## 2. § 727(a)(4)(A)

Denial of discharge under § 727(a)(4)(A) requires proof that: "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." *In re Keeney*, 227 F.3d at 685.

According to the Sixth Circuit, "[a] debtor has an affirmative duty to disclose all of its assets to the bankruptcy court." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002). Statements made in bankruptcy schedules, the statement of financial affairs, the 341 meeting of creditors, and testimony given at Rule 2004 exams are made under oath. *See, e.g., Hamo v. Wilson* (*In re Hamo*), 233 B.R. 718, 725 (B.A.P. 6th Cir. 1999). Statements are material if they concern the discovery of

13

assets or the existence and disposition of a debtor's property. *In re Keeney*, 227 F.3d at 686 (citation omitted). The debtor had knowledge of the statement if "the debtor knew the truth, but nonetheless failed to give the information or gave contradictory information." *In re Hamo*, 233 B.R. at 725 (quotation marks and citation omitted). "[A] knowingly false statement or omission made by the Debtor with reckless indifference to the truth will suffice as grounds for the denial of a Chapter 7 general discharge." *Id*.

The bankruptcy court found that the Debtor made numerous false statements concerning such material facts as income, gambling losses, and interests the Debtor held in real and personal property. The bankruptcy court found it incredulous that the Debtor did not know the statements to be false and simply forgot that she received income of $197,000 in the year preceding the bankruptcy, or that she spent nearly $800 in antiques stores in the 45 days immediately preceding the filing of her case. Finally, the bankruptcy court was satisfied that the Debtor's fraudulent intent was demonstrated by her repeated misrepresentations, omissions, and failures to disclose.

Having reviewed the record, the Panel concludes that the bankruptcy court's findings are supported by the record. The Debtor made numerous material misrepresentations and omissions in her bankruptcy filing. These omissions and inaccuracies were made under oath. The cumulative effect of these multiple inaccuracies established a pattern of reckless indifference to the truth which permitted the bankruptcy court to infer that the Debtor knowingly and fraudulently made false oaths in connection with her bankruptcy case, and warranted denial of the Debtor's discharge under § 727(a)(4)(A). The bankruptcy court's findings of fact are not clearly erroneous, and there is no error in the bankruptcy court's conclusions of law as they relate to § 727(a)(4)(A). Therefore, the order of the bankruptcy court denying the Debtor's discharge under § 727(a)(4)(A) is affirmed.

**CONCLUSION**

Based on the foregoing, the Panel AFFIRMS the bankruptcy court's order granting partial summary judgment in favor of the Trustee and denying the Debtor's discharge.

14